# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| MARY ANN YOUNGBLOOD SHEMWELL, ET AL. | CIVIL ACTION NO. 04-1113 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| EL PASO PRODUCTION COMPANY | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is an unopposed Motion for Summary Judgment (Record Document 41) filed by Defendant El Paso Production Company ("El Paso"). El Paso argues that summary judgment is appropriate because the only remaining Plaintiffs, Ray Oden Youngblood and James Dee Youngblood, III (hereinafter collectively referred to as "Plaintiffs"), have provided no evidence in opposition to El Paso's motion for summary judgment. After a thorough review of the record, the Court agrees that there is no genuine issue of material fact, that El Paso is entitled to judgment as a matter of law, and enters summary judgment in favor of El Paso.

## I.   FACTUAL AND PROCEDURAL BACKGROUND.

Plaintiffs filed a Petition for Accounting in the Eleventh Judicial District Court, DeSoto Parish, Louisiana, on May 20, 2004. See Record Document 1. El Paso removed the case to this Court on May 20, 2004. See Record Document 3. In the complaint, Plaintiffs allege that they "are the record owners of mineral interests in the Holly Field area of production and elsewhere in DeSoto Parish." Record Document 1, ¶ 3. Plaintiffs further maintain that El Paso "has been conducting operations in Holly Field and elsewhere in DeSoto Parish and [has taken] hundreds of thousands of cubic feet of gas" from them, the record owners of the minerals. Id., ¶ 5. Plaintiffs seeks "an accounting for the amount,

volume and value of the minerals taken and produced" from their land. Id., ¶ 6.

After multiple extensions of time, El Paso answered Plaintiffs' complaint on May 23, 2005. See Record Document 34. El Paso denies the allegations in Plaintiffs' complaint and further sets forth multiple affirmative defenses: (1) under the terms of the applicable leases, Plaintiffs are not entitled to the accounting they seek; (2) the complaint fails to state a claim for accounting, as it fails to set forth with specificity an allegation of non-payment of royalties; and (3) waiver, estoppel, unclean hands, and collateral estoppel. See id.

An amended scheduling order, entered on November 16, 2005, set the discovery deadline in this case as January 31, 2006. See Record Document 39. El Paso filed the instant motion for summary judgment on February 17, 2006. See Record Document 41.

On March 7, 2006, Plaintiff Mary Ann Youngblood Shemwell filed a voluntary motion to dismiss. See Record Document 47. The motion was granted on March 9, 2006; thus, the two remaining plaintiffs in this case are Ray Oden Youngblood and James Dee Youngblood, III. See Record Document 48. To date, the motion for summary judgment filed by El Paso remains unopposed by either remaining Plaintiff, despite having been granted sufficient additional time to do so.

## II.   LAW AND ANALYSIS.

### A.   Summary Judgment Standard.

The record is clear that El Paso served its motion for summary judgment on Plaintiffs, through their counsel, on February 17, 2006. See Record Document 41. Local Rule 7.5W requires a respondent opposing a motion to "file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 15

days of service of the motion." Here, Plaintiffs were even given additional time to respond to the motion for summary judgment in light of the withdrawal of their counsel. See Record Document 46. To date, Plaintiffs have not responded.

Federal Rule of Civil Procedure 56 states the following:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). As discussed below, the Court finds it appropriate to enter summary judgment against Plaintiffs and in favor of El Paso.

Summary judgment should be granted if the record, taken as a whole, shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); New York Life Ins. Co. v. Travelers Ins. Co., 92 F.3d 336, 338 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). See also Gunaca v. Texas, 65 F.3d 467, 469 (5th Cir. 1995). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 477 U.S. at 323-25, 106 S. Ct. at 2552). If the moving party "fails to meet this

initial burden, the motion must be denied, regardless of the nonmovant's response." Little, 37 F.3d at 1075.

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Wallace v. Texas Tech Univ., 80 F.3d 1042, 1046-47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047. Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Wallace, 80 F.3d at 1048 (quoting Little, 37 F.3d at 1075); see also S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." McCallum Highlands v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51, 106 S. Ct. 2505, 2511 (1986).

### B.  Plaintiffs Have Failed To Provide Evidence that Specific Facts Exist Over Which There Is A Genuine Issue For Trial.

Here, El Paso does not dispute in its motion for summary judgment that Plaintiffs are royalty interest owners in certain properties in northwest Louisiana. Rather, El Paso maintains that it, as operator of the properties at issues, has paid Plaintiffs all mineral

royalties due under any mineral lease in effect between El Paso and Plaintiffs.[1] El Paso argues that Plaintiffs' vague claims for unpaid royalties and/or an accounting for such royalties fail due to a lack of probative evidence to support such claims.

The summary judgment record evidences that on October 31, 2005, El Paso served its first set of discovery requests on Plaintiffs. See Record Document 41, Exhibit 1. Specifically, Interrogatory No. 1 stated:

> Do you contend that El Paso has failed to pay the Plaintiffs any mineral royalties due to them?

Plaintiffs response was "not at the present time." See id. Further, in the same set of discovery requests, Request For Admissions No. 1 stated:

> Admit that El Paso has paid to the Plaintiffs all mineral royalties die to the Plaintiffs under any mineral lease in effect between El Paso and the Plaintiffs.

See id. To date, Plaintiffs have not responded to Request For Admissions No. 1. Rule 36(a) compels a party to response to requests for admissions within 30 days. If a party neglects to respond to such a request within that 30 day period, the law deems the matter admitted and conclusively established unless the "admitting" party takes certain action to reverse this result. See In re Carney, 258 F.3d 415, 418-20 (5th Cir. 2001). Plaintiffs have taken no such action and, accordingly, Request For Admission No. 1 is deemed admitted.

Based on the foregoing analysis, this Court finds that El Paso has demonstrated in

---

[1] "El Paso's Statement of Uncontested Material Facts" states that "El Paso has paid to the Plaintiffs all mineral royalties due to the Plaintiffs under any mineral lease in effect between El Paso and the Plaintiffs." See Record Document 41. Plaintiffs did not respond to El Paso's statement of uncontested material facts. Local Rule 56.2 provides that "all material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Thus, El Paso's statement of uncontested material facts has been admitted.

its motion for summary judgment the absence of a genuine issue of material fact in this case. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 477 U.S. at 323-25, 106 S. Ct. at 2552). Discovery in this case has concluded. El Paso has provided this Court with its discovery requests and Plaintiffs' responses, which demonstrate the absence in the record of any genuine issue of material fact. Thus, Rule 56(c) requires Plaintiffs to go beyond the pleadings and show by competent summary judgment evidence that specific facts exist over which there is a genuine issue for trial. Wallace v. Texas Tech Univ., 80 F.3d 1042, 1046-47 (5th Cir. 1996). Plaintiffs have failed at this task, as they have filed no opposition to El Paso's motion for summary judgment and there is no competent summary judgment evidence in the record to support their claims. Plaintiffs did provide a letter from Frank McColloch of BMNW Resources, L.L.C. in response to El Paso's first set of discovery requests. Yet, as noted by El Paso, the letter and attached spreadsheet in no way demonstrate that El Paso owes any royalties to Plaintiffs. Simply put, there is no evidence in the record to even remotely suggest that a jury would return a verdict in Plaintiffs' favor. See Anderson, 477 U.S. at 249-51, 106 S. Ct. at 2511. Thus, there is no genuine issue for trial and summary judgment in favor of El Paso is **GRANTED**.

### III. CONCLUSION.

After reviewing the entire record, the Court finds that there are no genuine issues of material fact in dispute, and that summary judgment in favor of El Paso Production Company is proper as a matter of fact and law. Accordingly, El Paso Production Company's Motion for Summary Judgment (Record Document 41) is **GRANTED**. The

complaint (Record Document 1) is **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 2nd day of June, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE